IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JEROME GREER-EL, #185535, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CAMDEN WORK CENTER, )<br>et al., )<br>)<br>    Defendants. ) | CIVIL ACTION NO.<br>2:17-CV-332-MHT<br>(WO) |

## OPINION and ORDER

Upon receipt of the document initiating this civil action, the court construed it as a complaint filed pursuant to 42 U.S.C. § 1983. In the complaint, plaintiff Jerome Greer-El, a state inmate, seeks to challenge the constitutionality of actions taken against him by correctional officials at the Camden Work Center and the Fountain Correctional Facility. Specifically, Greer-El complains that during a transfer

between these facilities his legal materials relevant to this case went missing.

After reviewing the complaint, the court finds that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1406. A § 1983 "action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that when a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28

U.S.C. § 1406(a); see also 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought[.]").

The Camden Work Center and the Fountain Correctional Facility are both located within the jurisdiction of the United States District Court for the Southern District of Alabama. Thus, the actions about which Greer-El complains occurred in the Southern District of Alabama. Moreover, the complaint indicates that the individuals allegedly personally responsible for the challenged actions reside in the Southern District of Alabama. Under these circumstances, the claims asserted by Greer-El are beyond the venue of this court. However, it is clear from the face of the complaint that the proper venue for this cause of action is the United States District Court for the Southern District of Alabama.

In light of the foregoing, the court concludes that, in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District for the Southern District of Alabama for review and disposition of the claims presented herein, including Greer-El's request for preliminary injunctive relief. (Upon initiation of this civil action, Greer-El did not submit the filing/administrative fees nor an application for leave to proceed in forma pauperis. Nevertheless, the circumstances of this case dictate that assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of Alabama.)

***

Accordingly, it ORDERED that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1406(a).

The clerk of the court is DIRECTED to undertake those measures necessary to effectuate the transfer of this case.

This case is closed in this court.

DONE, this the 16th day of June, 2017.

                                         /s/ Myron H. Thompson
                                      **UNITED STATES DISTRICT JUDGE**